UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KENNEDY,

            Plaintiff,

v.                            Case No. 8:19-cv-483-T-33JSS

SAI RAM HOTELS LLC,

            Defendant.
_____/

**ORDER**

Before this Court is Defendant Sai Ram Hotels LLC's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. # 22), filed on April 23, 2019. Plaintiff Patricia Kennedy responded in opposition on May 1, 2019. (Doc. # 23). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Kennedy travels to Tampa "numerous times and continues to travel to the area on a constant basis." (Doc. # 19 at ¶ 3). In fact, Kennedy "recently established a second residence in Polk County, Florida" and "[a]s a new resident . . . [she] intends to increase her frequency of travel to Tampa." (Id.). Because Kennedy is mobility-impaired and uses a wheelchair, she requires an accessible hotel and hotel room when she travels. (Id. at ¶¶ 1-2). On April 4, 2018, Kennedy visited

1

the Rodeway Inn Tampa Fairgrounds, which is located in Tampa and owned by Sai Ram. (Id. at ¶¶ 5, 11). According to Kennedy, the Rodeway Inn's premises failed to comply with the Americans with Disabilities Act (ADA). (Id. at ¶¶ 10-11). Later, on January 19, 2019, Kennedy visited the Rodeway Inn's website, which failed to provide information about the accessible features of the hotel and its rooms for persons with disabilities as required by 28 C.F.R. § 36.302(e). (Id. at ¶ 26).

Kennedy "intends to revisit the [Rodeway Inn] in the near future, not to be later than eight (8) months from the present date." (Id. at ¶ 16). Additionally, "[i]n the near future, [Kennedy] intends to revisit [the Rodeway Inn's] website[] in order to test [it] for compliance with 28 C.F.R. § 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail herself of the" Rodeway Inn's benefits. (Id. at ¶ 34).

Kennedy filed a two-count complaint seeking injunctive relief under Title III of the ADA to require Sai Ram to modify the Rodeway Inn's physical premises (Count I) and its online hotel reservations system to comply with the ADA (Count II). (Doc. ## 1, 19). Sai Ram now moves to dismiss Count II,

2

arguing Kennedy lacks standing. (Doc. # 22). Kennedy has responded (Doc. # 23), and the Motion is ripe for review.

## II. Legal Standard

Sai Ram challenges Kennedy's standing to bring Count II. (Doc. # 22). Motions contesting a plaintiff's standing attack the Court's subject matter jurisdiction, and therefore, are considered under Federal Rule of Civil Procedure 12(b)(1). Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Alternatively, where the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of

3

truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence, 919 F.2d at 1529). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

## III. **Analysis**

Standing under Article III of the Constitution requires: "(1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013). "The 'injury-in-fact' demanded by Article III requires an additional showing when injunctive relief is sought." Id. Specifically, when seeking injunctive relief in the ADA context, "a plaintiff must also plausibly show that she will suffer disability discrimination by the defendant in the future." Kennedy v. Solano, 735 F. App'x 653, 655 (11th Cir. 2018).

Sai Ram argues Kennedy lacks standing to bring Count II because Kennedy fails to allege that she suffered an injury-in-fact and that she will be harmed in the future. (Doc. # 22

at 1). The Court will address each requirement separately.

**A.     Injury-in-Fact**

"A plaintiff can establish injury-in-fact by showing a loss of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any entity." Houston v. 7-Eleven, Inc., No. 8:13-cv-1845-T-17AEP, 2014 WL 5488805, at *7 (M.D. Fla. Oct. 30, 2014). To ensure there is no loss of opportunity for individuals with disabilities, the ADA requires public accommodations to make certain "reasonable modifications in policies, practices, or procedures." 42 U.S.C. § 12182(b)(2)(A)(ii). Among other things, 28 C.F.R. § 36.302 – which interprets the ADA's "reasonable modifications" requirement – states "[a] public accommodation that owns . . . or operates a [hotel] shall, with respect to reservations made by any means":

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

28 C.F.R. § 36.203(e)(1)(ii).

Count II alleges Sai Ram's online reservation system

5

violated Section 36.302(e)(1) because it "did not identify [the Rodeway Inn's] accessible rooms in sufficient detail so that [Kennedy] could independently ascertain whether or not they are accessible to her." (Doc. # 19 at ¶ 26). This allegation is sufficient to establish that Kennedy has sustained an injury-in-fact. See Honeywell v. Harihar Inc., No. 2:18-cv-618-FtM-29MRM, 2018 WL 6304839, at *2 (M.D. Fla. Dec. 3, 2018) (holding plaintiff's allegations that she visited defendant's website but was unable to independently ascertain the accessible features were sufficient to allege an injury in fact); Kennedy v. Floridian Hotel, Inc., No. 1:18-cv-20839-UU, 2018 U.S. Dist. LEXIS 207984, at *9 (S.D. Fla. Dec. 7, 2018) ("[T]he Court finds that Plaintiff has shown that she suffered an injury in fact when she encountered the ADA violations on the Website."); Poschmann v. Coral Reef of Key Biscayne Developers, Inc., No. 17-cv-14363-MIDDLEBROOKS, 2018 WL 3387679, *3 (S.D. Fla. May 23, 2018) ("[I]f Defendant's Website is non-compliant with § 36.302(e)(1), Plaintiff has suffered an injury-in-fact.").

Sai Ram argues that because Kennedy learned of the hotel's ADA violations when she visited the property in April 2018, Kennedy "did not suffer a new injury when she visited

6

the website in January 2019 and encountered alleged barriers to determining the accessibility features of the hotel." (Doc. # 22 at 2-3). The Court rejects this argument. Even if Kennedy knew of the hotel's physical ADA violations, she still could have suffered a new injury when she subsequently visited the Rodeway Inn's website. The essence of Count II is that Kennedy suffered an injury-in-fact because she was unable to identify the hotel's accessible features as required by Section 36.302(e). The fact that Kennedy had knowledge of the hotel's tangible barriers does not mean she was aware of the hotel's intangible barriers that violated different ADA provisions. See Haynes v. Dunkin' Donuts LLC, 741 F. App'x 752, 754 (11th Cir. 2018) ("The prohibition on discrimination is not limited to tangible barriers that disabled persons face but can extend to intangible barriers as well.").

Sai Ram also contends that Kennedy's "visit to the website was not in good faith, [but] for the specific purpose of establishing an ADA website compliance claim, [rather than] for the purpose of reserving a room." (Doc. # 22 at 4). However, Kennedy's purported motive in visiting the website does not dictate whether she sustained an injury-in-fact. Indeed, a plaintiff's status as a tester does not

7

deprive her of standing. See Houston, 733 F.3d at 1332 ("[The plaintiff's] status as a tester does not deprive him of standing to maintain his civil action for injunctive relief under . . . the ADA's Title III."). Count II's allegations are sufficient to demonstrate an injury-in-fact for purposes of standing.

**B. Future Injury**

Generally, the threat of future injury must be "real and immediate — as opposed to . . . merely conjectural or hypothetical." Id. at 1329. "In the few cases that have addressed standing in Title III website cases, district courts have applied the Houston factors to determine whether a plaintiff pleaded a future injury." Price v. Escalante - Black Diamond Golf Club, No. 5:19-cv-22-Oc-30PRL, 2019 WL 1905865, at *5 (M.D. Fla. Apr. 29, 2019) (footnote omitted). The Houston factors are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." Houston, 733 F.3d at 1337 n.6. These factors are not exclusive, nor is one factor dispositive. Id. For example,

8

"two other factors that merit consideration are: (1) the type of information that is inaccessible, and (2) the relation between the inaccessibility and [the plaintiff's] alleged future harm." Black Diamond, 2019 WL 1905865, at *6.

This Court has observed that Houston's traditional factor test, which was designed for cases involving physical barriers, may be challenging to apply in cases involving websites. Kennedy v. Gold Sun Hospitality, LLC, No. 8:18-cv-842-T-33CPT (M.D. Fla. June 18, 2018) (Doc. # 23 at 31-32). Nevertheless, as these factors are merely guidelines, some of them may aid in determining whether the plaintiff – under the totality of the circumstances – has shown a threat of future injury in noncompliant ADA website cases. See Kennedy v. Beachside Commercial Props., LLC, 732 F. App'x 817, 821 (11th Cir. 2018) (taking "the totality of the circumstances into consideration" in determining whether the plaintiff demonstrated a threat of future injury).

Here, Kennedy alleges she plans to return to the Rodeway Inn — as well as its website — within eight months to avail herself of the hotel's services and ensure its compliance with the ADA. Cf. Honeywell, 2018 WL 6304839, at *3 (concluding a plaintiff pleaded a future injury related to a

9

motel's website by alleging she intended to return to the property within six months and intended to visit its website to ensure ADA compliance). Indeed, Kennedy's status as a tester plausibly increases the likelihood that she will visit the Rodeway Inn's website again to test its ADA compliance. Gold Sun Hospitality, LLC, No. 8:18-cv-842-T-33CPT (Doc. # 23 at 31-32). Likewise, Kennedy's allegations that she frequently travels near the Rodeway Inn increases the likelihood that she will return to the hotel's website to book a trip in the future.

Furthermore, Kennedy alleges the Rodeway Inn's website fails to identify the accessible rooms in sufficient detail to allow her to determine whether she can patronize the hotel. Thus, the type of information that is inaccessible weighs in favor of there being an immediate risk of future injury. Black Diamond, 2019 WL 1905865, at *6 (considering the type of information that is inaccessible). Additionally, there is a close connection between the inaccessible information and Kennedy's future harm because without sufficient detail about the accessible rooms available, Kennedy will be unable to determine if she can patronize the hotel in the future. Id. at *6-*7 (considering the relation between the inaccessible

information and the plaintiff's alleged future harm).

Sai Ram argues Kennedy failed to allege a threat of future injury because Kennedy "does not provide any details regarding her plans to travel to Tampa or visit the website for the purpose of making a reservation, other than stating that she will visit the website in the 'near future.'" (Doc. # 22 at ¶ 21). According to Sai Ram, "[a]bsent an allegation of definitive plans to travel to or vacation in the Tampa area, to stay at the [hotel] and to utilize the subject website for the purpose of making a reservation, there is no properly alleged real and immediate threat of future injury to [Kennedy]." (Id. at ¶ 24). However, where a plaintiff's "ADA claim is based upon the [hotel's] website failing to identify the accessible features of the [hotel] and its rooms, in violation of [Section] 36.302(e)(1)(ii) . . . the relevant 'future injury' inquiry relates to the [hotel's] website and reservation system, rather than the [hotel's] physical property." Honeywell, 2018 WL 6304839, at *3. Kennedy's plans to visit the Rodeway Inn's physical property is only one consideration in determining whether Kennedy will suffer a future injury. As explained above, Kennedy has sufficiently alleged her intent to return to the Rodeway Inn's website,

11

which the Court considers alongside Kennedy's allegations about her likelihood of visiting the physical location again. Therefore, Count II's allegations are sufficient to create an inference that Kennedy will suffer injury in the future.

In sum, Kennedy has standing to bring Count II. Sai Ram's Motion to Dismiss is therefore denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sai Ram Hotels LLC's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. # 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of May, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE